# United States District Court

__MIDDLE__ DISTRICT OF __ALABAMA__

UNITED STATES OF AMERICA

v.

JOHN WAYNE JORDAN JR.

## CRIMINAL COMPLAINT

CASE NUMBER: 2:08mj004-SRW

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __February 2, 2008__, in __Montgomery__ county and elsewhere within the __Middle__ District of __Alabama__ defendant(s) did, (Track Statutory Language of Offense)

unlawfully posses with the intent to distribute controlled substances,

in violation of Title __21*__ ~~18~~ United States Code, Section(s) __841__. I further state that I am a(n) __Special Agent with Drug Enforcement Administration__ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED BY REFERENCE

Continued on the attached sheet and made a part hereof:     ☒ Yes    ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

February 4, 2008                                    at     Montgomery, Alabama
Date                                                        City and State

Susan Russ Walker, U. S. Magistrate Judge
Name & Title of Judicial Officer          Signature of Judicial Officer

*Title corrected per 2/4/08 Order (Doc. #5) granting 2/4/08 Motion to Amend/Correct (Doc. #4)

## **AFFIDAVIT**

I, Devin L. Whittle, Special Agent of the United States Department of Justice, Drug Enforcement Administration (DEA) being duly sworn, depose and state as follows:

1. Your affiant is a Special Agent with the Drug Enforcement Administration (DEA). I am currently employed with the United States Drug Enforcement Administration (DEA), and have been so employed for the past eleven (11) years. I am currently assigned to the New Orleans Division, the Montgomery District Office, the High Intensity Drug Trafficking Area (HIDTA) Task Force. Prior to becoming a Special Agent, I was a Montgomery, Alabama, Police Officer for eight (8) years. I have worked exclusively on narcotics investigations for eighteen (18) years. I have investigated criminal violations of the Federal controlled substance laws, including, but not limited to, investigations involving smuggling of controlled substances, distribution of controlled substances in violation of Title 21, United States Code, Section 841; and laundering of the proceeds derived from the sale of controlled substances. This affidavit is submitted for the purpose of establishing probable cause for a complaint against John Wayne JORDAN Jr. Information contained in this affidavit was received by me from oral

1

and written reports about this investigation that I have received, directly or indirectly from Investigators/Detectives who were involved in this investigation.

2. I have investigated and I continue to investigate a drug distribution operation headed by John Wayne JORDAN Jr., other known and unknown individuals. This organization is responsible for the distribution of multi-pound quantities of methamphetamine in the Middle District of Alabama.

3. On January 16, 2008, Special Agent Devin Whittle and Task Force Agent Eddie Spivey interviewed a confidential and reliable source, hereafter referred to as the CS. Your affiant is aware of the fact that the CS has provided accurate and reliable information regarding this investigation. Further, your affiant is not aware of any misleading or false information that that CS has provided DEA regarding drug trafficking. The CS has no criminal history.

4. According to the CS, approximately three months ago, the CS traveled to Atlanta, Georgia with Thomas

2

HUBBARD for the purpose of purchasing and transporting methamphetamine back to Montgomery, Alabama. Your affiant's investigation has identified HUBBARD and determined that HUBBARD has a criminal history. On February 27, 1999, HUBBARD was arrested for possession of marijuana 2nd. On July 1, 2006, HUBBARD was arrested for possession and receipt of controlled substances, public intoxication, use and possession of drug paraphernalia, and trafficking in methamphetamine. On July 12, 2006, HUBBARD was arrested for possession of a controlled substance and unlawful distribution of a controlled substance. Further, the CS stated that the CS and HUBBARD traveled to an apartment complex in Atlanta, Georgia and met with an unknown Mexican male known as "AMIGO". The CS stated that "AMIGO" entered the vehicle and HUBBARD exchanged money for drugs. After the transaction with "AMIGO", the CS and HUBBARD returned to Montgomery, Alabama. They traveled to Circle J Roll Offs INC., located at 4040 Northern Boulevard in Montgomery, Alabama and gave the Methamphetamine to John JORDAN Jr. Your affiant is aware of the fact that JORDAN has a criminal history. On May 24, 1993, JORDAN was arrested ~~was arrested~~ by the Montgomery, Alabama Sheriff's Department for unlawful distribution of a controlled substance. On April 28, 1995, JORDAN was charged by the

3

Alabama Department of Corrections with distribution of a controlled substance. On November 24, 1997, JORDAN was arrested by the Montgomery, Alabama Sheriff's Department for distribution of a controlled substance. On January 16, 1998, JORDAN was arrested by the Montgomery, Alabama County Sheriff's Office for probation violation. On February 10, 1998, JORDAN was arrested by the Montgomery, Alabama Sheriff's Department for probation violation. On June 8, 1998, JORDAN was arrested by the Montgomery, Alabama Sheriff's Department for distribution of a controlled substance. On December 12, 2005, JORDAN was arrested by the Meriwether County, Georgia Sheriff's Department for trafficking in methamphetamine and fleeing or attempting to elude a police office. The CS stated that the amount of methamphetamine HUBBARD received from AMIGO appeared to be approximately one pound. The CS stated that John Wayne JORDAN Jr. paid him/her $200.00 for making the trip to Atlanta, Georgia.

5. According to the CS, on January 11, 2008, the CS and John Wayne JORDAN Jr. traveled to Atlanta, Georgia for the purpose of purchasing methamphetamine. The CS stated that the vehicle they traveled to Atlanta, Georgia in was a 2004, Red, Ford pick up truck that belonged to JORDAN.

4

Your affiant's investigation has determined that John Wayne JORDAN Jr. has a red, F-150, Ford pick up truck registered to him under Alabama license plate 49632AN. The CS stated that the CS and JORDAN traveled to the same apartment complex the CS and Thomas HUBBARD traveled to and met with "AMIGO". The CS stated that JORDAN exchanged money for drugs with "AMIGO". In addition, the CS stated that, the CS and JORDAN returned to Montgomery, Alabama with approximately one pound of methamphetamine. The CS stated that, the CS and JORDAN ended up at the Circle J Roll Offs INC., located at 4040 Northern Boulevard in Montgomery, Alabama. The CS stated that JORDAN "broke down" the methamphetamine
(Your affiant is aware of the fact that the term "broke down" the drugs means to process the drugs for distribution, by weighing and packaging the drugs) on his desk located inside of his office at the Circle J. The CS stated that JORDAN has digital scales, clear plastic bags and "cut" stored in a safe located in his office. (NOTE: Your affiant is aware of the fact that the term "cut" refers to a substance used to dilute the purity of methamphetamine. This increases the weight of the methamphetamine and therefore increasing the dealer's profits. A common agent used for "cutting" is MSN).

5

Further, the CS stated that the CS has observed bottles of acetone in JORDAN'S office at Circle J. The CS stated that John Wayne JORDAN Jr. uses acetone to "wash" his personal use methamphetamine. (NOTE: Your affiant is aware of the fact that methamphetamine traffickers/users will use acetone to burn off the "cut" in methamphetamine they have purchased, therefore making the methamphetamine lighter, but more pure). The CS also stated that the CS has observed "IOUs" in JORDAN'S safe and desk drawer. The CS stated that the IOUs were to remind JORDAN of money he was owed by individuals he had furnished methamphetamine. The CS stated that JORDAN keeps some of the money has made from the ~~sell~~ sale of methamphetamine in a locked desk drawer in his office at the Circle J. Further, the CS stated that JORDAN keeps some of the money made from the ~~sell~~ sale of methamphetamine in a safe located in his office at the Circle J. Lastly, the CS stated that he/she received $300.00 for traveling to Atlanta, Georgia with JORDAN.

6. On February 2, 2008, your affiant and other agents conducted surveillance ~~in~~ on the CS and John Wayne JORDAN Jr. as they traveled to Atlanta, Georgia for the purpose of purchasing methamphetamine. JORDAN contacted the CS and

6

requested the CS meet him at the Circle J around 11:00 a.m. At approximately 11:05 a.m., Central Standard Time (CST), the CS arrived at Circle J Roll Offs INC., located at 4040 Northern Boulevard in Montgomery, Alabama. At approximately 11:24 a.m., John Wayne JORDAN Jr. arrived at the Circle J. According to the CS, JORDAN left the door of his office unlocked so the CS could get in. Further, the CS stated that when JORDAN arrived, he removed money from the safe in his office and placed it inside of a bank bag. At approximately 12:05 a.m., the CS and JORDAN departed the Circle J. JORDAN drove his red, F-150, Ford pick-up truck registered to him under Alabama license plate 49632AN. JORDAN and the CS departed Montgomery traveling to Atlanta, Georgia. JORDAN stopped his vehicle near the Alabama/Georgia state line and the CS began to drive the vehicle. The CS and JORDAN traveled to the same apartment complex in Atlanta, Georgia described by the CS in paragraphs 10 and 11. Atlanta agents observed a Hispanic male approach JORDAN'S vehicle. The CS later stated that "AMIGO" entered the back seat of the truck and JORDAN exchanged money for drugs. The JORDAN then drove the truck to the Galleria mall located near Interstate 75 and the 285 loop in Atlanta, Georgia. JORDAN and the CS checked into a room at the Sheraton Suites Galleria-Atlanta located at

7

2844 Cobb Parkway S.E in Atlanta, Georgia. The CS stated that JORDAN took out the methamphetamine he purchased from "AMIGO" and tested it for purity. The CS stated that the CS smoked some methamphetamine because JORDAN thought it was strange that the CS did not want to smoke the methamphetamine with him, as the CS had done in the past. The CS stated that JORDAN accused the CS of being the "police". The CS stated that the CS felt compelled to smoke one hit of the methamphetamine. After approximately one and a half hours, the CS and JORDAN departed the motel with JORDAN driving the truck. JORDAN and the CS traveled to Union City, Georgia located off of Interstate 85 and exited the Interstate. JORDAN and the CS stopped at a Shell gas station located near the Interstate. According to the CS, the CS purchased a pack of cigarettes. The CS and JORDAN departed the Shell gas station with the CS driving the vehicle. The CS and JORDAN traveled South on Interstate 85 to a rest area located just West of Auburn, Alabama. At that location, agents had an Alabama State Trooper activate his emergency equipment and stop the CS and JORDAN in the rest area. The Trooper separated the CS and JORDAN and asked the CS where the methamphetamine was located. The CS stated that the CS believed it was located in JORDAN'S pants. Two agents approached to assist the

8

Trooper with locating the methamphetamine. After a few minutes, agents located approximately four ounces of methamphetamine inside of John Wayne JORDAN'S pants. A subsequent search of JORDAN'S vehicle revealed a zip up bank bag with a small amount of cash inside. Agents arrested JORDAN and transported him to Montgomery, Alabama. A field test conducted on the methamphetamine was positive.

DEA SPECIAL AGENT DEVIN WHITTLE

Sworn to and subscribed before me
this 4th day of February, 2008
at Montgomery, AL

Judge Susan Russ Walker, U. S. Magistrate Judge

9