IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08-cr-024-MEF |
| | ) | (WO) |
| JOHN WAYNE JORDAN | ) | |

## **O R D E R**

On August 1, 2008, the defendant filed a Motion to Continue (Doc. #35). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that upon defendant's release on bond, he was to participate in the NarcAnon Drug Rehabilitation and Treatment Program in Louisiana. The program is anticipated to last 4-6 months. Defendant is nearing the completion of the rehabilitation program. It is anticipated that this case will be resolved by way of a plea agreement upon

defendant's completion of the rehabilitation program. Counsel for the government does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on August 1, 2008 is GRANTED;

2. That the trial of this case is continued from the August 11, 2008 trial term to the January 26, 2009 trial term in Opelika, Alabama.

3. That the Magistrate Judge conduct a pretrial conference prior to the January 26, 2009 trial term.

DONE this the 4th day of August, 2008.

        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE